**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

WILBUR SENAT,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Civil Action No. 18-13006 (MAS)

**OPINION**

**SHIPP, District Judge**

This matter comes before the Court on Petitioner's motion to vacate his sentence brought pursuant to 28 U.S.C. § 2255. (ECF No. 1.) Following an order to answer, Respondent filed an answer to the motion (ECF No. 8), to which Petitioner replied. (ECF No. 11.) Also before the Court are Petitioner's motion seeking to amend or supplement his motion to vacate sentence (ECF No. 12), to which Respondent has responded (ECF No. 15), and Petitioner's motion seeking an extension of time in which to file a reply brief related to his motion to amend. (ECF No. 16.) For the following reasons, Petitioner's motions shall be denied and Petitioner shall be denied a certificate of appealability.

**I.**    **BACKGROUND**

In its opinion affirming Petitioner's conviction on direct appeal, the Third Circuit summarized the background of this matter as follows:

> [Petitioner] coerced or lured fifteen-year-old girl S.C. from her home in Haverstraw, New York, where she lived with her aunt and uncle. After [Petitioner] threatened S.C.'s family, she consented to travel with [him] to Philadelphia, Pennsylvania, via New Jersey. In

> Philadelphia, [Petitioner] kept S.C. in a house with no electricity or running water, where [Petitioner] and his co-defendant forced S.C. to have sex for money. When she was uncooperative, she was beaten and chained to a pole in the basement. Eventually, another pimp, Samuel Verrier (or "Dre"), took S.C. and forced her to strip and have sex for money for several weeks. Police found S.C. when she was arrested in Bordentown, New Jersey, with Verrier and another pimp.
>
> [Petitioner] was subsequently arrested and ultimately found guilty of [sex] trafficking [involving a child in violation of 18 U.S.C. § 1591(a)] and transportation [of a minor to engage in prostitution in violation of 18 U.S.C. § 2423(a)] and sentenced to 15 years imprisonment.

*United States v. Senat*, 698 F. App'x 701, 703-04 (3d Cir. 2017). In addition to the susbstantive sex trafficking and transportation charges of which he was convicted, Petitioner was also indicted on charges of conspiracy to engage in sex trafficking and conspiracy to transport minors to engage in prostitution, but he was acquitted of both of those charges. (*See* ECF No. 8-2 at 4; ECF No. 8-3 at 3-7.)

## II.   **LEGAL STANDARD**

A prisoner in federal custody may file a motion pursuant to 28 U.S.C. § 2255 challenging the validity of his or her sentence. Section 2255 provides, in relevant part, as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. Unless the moving party claims a jurisdictional defect or a constitutional violation, to be entitled to relief the moving party must show that an error of law or fact constitutes "a fundamental defect which inherently results in a complete miscarriage of justice, [or] an omission inconsistent with the rudimentary demands of fair procedure." *United States v. Horsley*,

2

599 F.2d 1265, 1268 (3d Cir. 1979) (quoting *Hill v. United States*, 368 U.S. 424, 429 (1962)), *cert. denied* 444 U.S. 865 (1979); *see also Morelli v. United States*, 285 F. Supp. 2d 454, 458-59 (D.N.J. 2003).

## III. DISCUSSION

### A. No evidentiary hearing is necessary in this matter

A district court need not hold an evidentary hearing on a motion to vacate where "the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *United States v. Booth*, 432 F.3d 542, 545 (3d Cir. 2005); *United States v. Day*, 969 F.2d 39, 41-42 (3d Cir. 1992). "Where the record, supplemented by the trial judge's personal knowledge, conclusively negates the factual predicates asserted by the petitioner or indicate[s] that petitioner is not entitled to relief as a matter of law, no hearing is required." *Judge v. United States*, 119 F. Supp. 3d 270, 280 (D.N.J. 2015); *see also Government of Virgin Islands v. Nicholas*, 759 F.2d 1073, 1075 (3d Cir. 1985); *see also United States v. Tuyen Quang Pham*, 587 F. App'x 6, 8 (3d Cir. 2014); *Booth*, 432 F.3d at 546. Because Petitioner's claims are clearly without merit for the reasons expressed below, no evidentiary hearing is necessary in this matter.

### B. Petitioner's ineffective assistance of counsel claims

In his motion to vacate sentence, Petitioner raises numerous claims of ineffective assistance of trial and appellate counsel. The standard applicable to Petitioner's claims of ineffective assistance of counsel is well established:

> [c]laims of ineffective assistance are governed by the two-prong test set forth in the Supreme Court's opinion in *Strickland v. Washington*, 466 U.S. 668 (1984). To make out such a claim under *Strickland*, a petitioner must first show that "counsel's performance was deficient. This requires [the petitioner to show] that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* at 687; *see also*

3

*United States v. Shedrick*, 493 F.3d 292, 299 (3d Cir. 2007). To succeed on an ineffective assistance claim, a petitioner must also show that counsel's allegedly deficient performance prejudiced his defense such that the petitioner was "deprive[d] of a fair trial . . . whose result is reliable." *Strickland*, 466 U.S. at 687; *Shedrick*, 493 F.3d at 299.

In evaluating whether counsel was deficient, the "proper standard for attorney performance is that of 'reasonably effective assistance.'" *Jacobs v. Horn*, 395 F.3d 92, 102 (3d Cir. 2005). A petitioner asserting ineffective assistance must therefore show that counsel's representation "fell below an objective standard of reasonableness" under the circumstances. *Id.* The reasonableness of counsel's representation must be determined based on the particular facts of a petitioner's case, viewed as of the time of the challenged conduct of counsel. *Id.* In scrutinizing counsel's performance, courts "must be highly deferential . . . a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

Even where a petitioner is able to show that counsel's representation was deficient, he must still affirmatively demonstrate that counsel's deficient performance prejudiced the petitioner's defense. *Id.* at 692-93. "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693. The petitioner must demonstrate that "there is a reasonable probability, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *see also Shedrick*, 493 F.3d at 299. Where a "petition contains no factual matter regarding *Strickland's* prejudice prong, and [only provides] . . . unadorned legal conclusion[s] . . . without supporting factual allegations," that petition is insufficient to warrant an evidentiary hearing, and the petitioner has not shown his entitlement to habeas relief. *See Palmer v. Hendricks*, 592 F.3d 386, 395 (3d Cir. 2010). "Because failure to satisfy either prong defeats an ineffective assistance claim, and because it is preferable to avoid passing judgment on counsel's performance when possible, [*Strickland*, 466 U.S. at 697-98]," courts should address the prejudice prong first where it is dispositive of a petitioner's claims. *United States v. Cross*, 308 F.3d 308, 315 (3d Cir. 2002).

*Judge v. United States*, 119 F. Supp. 3d 270, 280-81 (D.N.J. 2015).

Petitioner first contends that counsel should have filed a pre-trial motion challenging this Court's venue to hear this matter as Petitioner contends that this Court lacked jurisdiction over his crimes as the majority of his wrongful acts occurred in New York or Pennsylvania. Contrary to Petitioner's assertion, counsel did in fact raise a challenge to the venue of Petitioner's criminal trial both in pretrial motions and in his motion for an acquittal following the close of the Government's case – motions this Court rejected as without merit. (*See* Docket No. 13-558 at ECF No. 74-1 at 1-6; Docket No. 13-558 at ECF No. 98 at 3).

In his underlying criminal matter, Petitioner was charged with several crimes all of which involved either conspiring to or actually transporting his minor victim with the intent that she engage in prostitution or sex acts, and the evidence at trial – including the route of the bus used to transport the victim from New York to Philadelphia – clearly indicated that Petitioner and his co-defendant transported the victim for the purposes of having her engage in commercial sex acts from New York *through* New Jersey and into Pennsylvania. The transporting of the minor and its effects on interstate commerce thus clearly involved not just New York and Pennsylvania, but also the state of New Jersey. As venue is proper in any district in which continuing criminal offense conduct occurred for crimes such as sex trafficking offenses, *see* 18 U.S.C. § 3237(a), that the trafficking of the victim in this matter involved moving her *through* New Jersey, venue in this Court was entirely proper. Thus, even had counsel not filed the venue challenge this Court rejected, Petitioner still could not show prejudice as that challenge is utterly without merit. *See, e.g., Werts v. Vaughn*, 228 F.3d 178, 203 (3d Cir. 2000) (counsel cannot be ineffective in failing to raise a meritless argument); *see also United States v. Aldea*, 450 F. App'x 151, 152 (3d Cir. 2011) (same).

Petitioner next contends that appellate counsel was constitutionally defective in failing to raise the same venue challenge, or an ineffective assistance claim premised on trial counsel's

5

"failure" to raise such a claim, on direct appeal. While appellate counsel's decisions are subject to the same ineffective assistance standard applicable to trial counsel claims, *see Smith v. Robbins*, 528 U.S. 259, 285 (2000), "it is a well established principle . . . that counsel decides which issues to pursue on appeal," *Sistrunk v. Vaughn*, 96 F.3d 666, 670 (3d Cir. 1996), and appellate counsel need not raise every nonfrivolous argument a defendant wishes to pursue. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). As the chief component of effective appellate advocacy is the winnowing out of weaker claims in favor of those with a greater chance of success, *id.* at 753; *Smith v. Murray*, 477 U.S. 527, 536 (1986), the Supreme Court has held that "[g]enerally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of [appellate] counsel be overcome." *See Robbins*, 528 U.S. at 288 (quoting *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986)). As both Petitioner's venue argument and his ineffective assistance claim based on it are without merit, counsel's failure to raise either claim on appeal was not constitutionally ineffective. *Werts*, 228 F.3d at 203.

Petitioner next argues that counsel was ineffective because he believes he was prejudiced by the inclusion of conspiracy counts in his indictment as "no conspiracy" was shown to exist at trial.[1] Petitioner, although charged with conspiracy counts, was not convicted of any conspiracy count of the indictment – he was acquitted of the conspiracy counts and convicted only of the substantive trafficking counts. As Petitioner was acquitted of the conspiracy counts, the jury clearly agreed with him that no conspiracy had been shown, and Petitioner suffered no prejudice

---

[1] Although Petitioner in his motion in count three raises this claim by claiming there was some material variance between his indictment and the facts presented at trial, he fails to even attempt to show any such variance, and instead merely asserts that he was prejudiced as "no conspiracy had taken place as described in the indictment." (ECF No. 1 at 8.) This Court thus construes Plaintiff to be essentially arguing that the Government failed to prove a conspiracy at trial. To the extent Petitioner did wish to raise some other species of variance from the indictment claim, he has failed to allege such a claim, and that any such claim must be denied as such. *Palmer*, 592 F.3d at 395.

6

from counsel's alleged failure to challenge the inclusion of conspiracy counts in the indictment. This ineffective assistance claim therefore fails as a matter of law.

Petitioner also contends that both trial and appellate counsel proved ineffective in failing to object to the Government's closing argument at trial or on direct appeal. Specifically, he argues that the Government's closing argument amounted to a presentation of evidence because the Government reiterated the testimony of his co-defendants to suggest that there was a conspiracy in his case. Petitioner also contends that appellate counsel was ineffective in failing to raise a claim of ineffective assistance of counsel on this basis on appeal. Prosecutors are "entitled to considerable latitude in summation to argue the evidence and any reasonable inferences that can be drawn from that evidence." *United States v. Werme*, 939 F.2d 108, 117 (3d Cir. 1991). Only where a prosecutor's comments in summation are "so prejudicial to violate the [defendant's] due process rights" in light of all of the evidence at trial will improper comments during summation warrant the granting of a mistrial. *Id.*; *see also United States v. Stiso*, 708 F. App'x 749, 756 (3d Cir. 2017). Having reviewed the Government's summation in this matter in its entirety, this Court finds that Petitioner has failed to make any such showing. While the prosecutor in this matter did reiterate, summarize, and contextualize the testimony regarding the actions and statements of Petitioner's co-defendants to suggest to the jury that they had engaged in a conspiracy to traffic the victim in this matter, those comments were entirely fair representations of the evidence which had been produced throughout Petitioner's trial, and any objection to those comments would have been fruitless, and the failure to make such an objection, at trial or on direct appeal, is therefore no basis for an ineffective assistance of counsel claim. *Werts*, 228 F.3d at 203. Even putting that aside, however, Petitioner was clearly not prejudiced by the Government's summation and its attempts to suggest that a conspiracy existed as the jury acquitted him of the conspiracy counts of the indictment. Thus, even were the objection not meritless, Petitioner has failed to show prejudice

7

and has in turn failed to show that trial or appellate counsel was ineffective. As he has failed to make a showing of ineffective assistance of trial counsel, he in turn has also failed to show that appellate counsel proved ineffective in failing to raise such a claim on direct appeal. *Id.*

Petitioner next contends that both trial and appellate counsel proved ineffective in failing to object to this Court's jury instructions as to the elements of a conspiracy at trial or on direct appeal. As with Petitioner's previous claims related to the conspiracy counts, Petitioner once again cannot show that he suffered any prejudice regarding the Court's instructions as to conspiracy as he was acquitted of the conspiracy counts of the indictment. Because Petitioner was clearly not prejudiced by this Court's instructions as to conspiracy given his acquittal on the conspiracy charges he faced, neither trial nor appellate counsel were ineffective in failing to raise an objection as to that jury instruction, and Petitioner has failed to establish an ineffective assistance of counsel claim on that basis.

In his final ineffective assistance of counsel claim, Petitioner contends that counsel proved ineffective in failing to object to this Court's "coercive jury instructions prior to the jury['s] deliberation." (ECF No. 1 at 12.) Petitioner, however, utterly fails to allege what parts of this Court's jury instruction he believes were "coercive" or otherwise erroneous, or how he was prejudiced by counsel's alleged failure to object to those allegedly coercive instructions. As Petitioner has failed to allege, let alone show, that he was prejudiced by the jury instructions in this matter, he has failed to show that counsel was ineffective in failing to object to those instructions. *Palmer*, 592 F.3d at 395. Petitioner's claims of ineffective assistance of counsel are all without merit, and his motion to vacate sentence (ECF No. 1) is denied as such.

## C. Petitioner's motion to amend/supplement and his motion for an extension

After the briefing of this matter was completed, Petitioner filed a motion in which he sought leave of court to amend his motion to vacate sentence to include a claim in which he contends that

8

his convictions were improper in light of the Supreme Court's decision in *Rehaif v. United States*, --- U.S. ---, 139 S. Ct. 2191 (2019). In that proposed claim, Petitioner contends that *Rehaif* required that he know that the victim in his matter was below the age of eighteen, and that his convictions are improper as the Court did not explicitly instruct the jury of that requirement.

*Rehaif*, however, stands for no such principle. In *Rehaif*, the Supreme Court held that, in order to be found guilty of being a prohibited person in possession of a firearm in violation of 18 U.S.C. § 922(g), the Government must show that a criminal defendant knew that he fell into one of the categories of people barred from possessing a firearm under the statute at the time that he knowingly possessed a firearm. 139 S. Ct. at 2194. Petitioner was not convicted of any such crime, and *Rehaif* is utterly silent as to the two statutes Petitioner was convicted of violating. More to the point, the Third Circuit has clearly held that "Congress did not intend to require knowledge of a victim's age for a conviction" under the statute Petitioner now challenges in a case decided after *Rehaif*. *United States v. Tyson*, 947 F.3d 139, 144 (3d Cir. 2020). It is thus clear that Petitioner's "*Rehaif*" claim is utterly without merit as "knowledge of a minor's age is not an element of [Petitioner's offense, and] the lack of knowledge cannot be a defense" against Petitioner's conviction. *Id.* As Petitioner's proposed *Rehaif* claim is without merit, his proposed amendment is futile, and this Court denies his motion for leave to amend his motion to vacate sentence (ECF No. 12) as such. *See, e.g., George v. United States*, No. 17-2641, 2020 WL 2731166, at *14 (D.N.J. May 26, 2020) (motion to amend § 2255 must be denied where amendment is futile as underlying claim is without merit).

Finally, the Court notes that in October 2020, Petitioner filed a motion seeking an extension of time within which to file a reply to the Government's opposition to his motion to amend. (ECF No. 16.) Despite the passage of eight months, no reply was filed. As Petitioner's proposed amendment is clearly futile, as Petitioner has had ample time to file his reply brief between October

9

2020 and the date of this Opinion, and as a reply brief is not, in any event, a required document, Petitioner's motion for an extension of time is denied.

## IV. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), the petitioner in a § 2255 proceeding may not appeal from the final order in that proceeding unless he makes "a substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because jurists of reason could not disagree with this Court's conclusion that Petitioner's claims fail to set forth a valid basis for relief, Petitioner has failed to make a substantial showing of the denial of a constitutional right, and no certificate of appealability shall issue.

## V. CONCLUSION

In conclusion, Petitioner's motion to vacate sentence (ECF No. 1) is **DENIED**, Petitioner's motion to amend or supplement his motion to vacate sentence (ECF No. 12) is **DENIED**; Petitioner's motion seeking an extension of time within which to file a reply (ECF No. 16) is **DENIED**; and Petitioner is **DENIED** a certificate of appealability. An appropriate order follows.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE